Opinion op the Court.
THE appellee, as executor of Ford, filed his bill ifagainsf the appellant, charging that he, the appellant, was indebted to his testator the sum of one hundred and thirty-two pounds seven shillings and seven pence, for which he, the appellant, executed and signed and sealed a note to the testator, which, among his other papers, came to the hands of the appellee as executor, and he brought an action at common law for pthe amount, in the Mercer circuit court, where it remained a long time depending, and was ultimately referred to arbitrators, with another suit between the same parties; that he had placed the note in the hands of counsel, who had filed it in the clerk’s office, where it was lost, *455 or it was lost on the reference of the suit, and was discovered there first to be missing, and never since be found, in consequence of which he was obliged. dismiss the action at law and resort to this mode.
Where the loss of a bond °ole cause oT. resorting to J chancery, trace^f the*" notéis admitted or proved, deration1" w;u {,e ;nfer^ red; and it is f0°r\^e°essar'S piamant°to" prove the equity of the on wMchThe note was founded, un-prob¿¿qUS shall be thrown on him, by evidence intro-,
*455 The appellant answers, admitting that he and the-testator of the appellee had various dealings, as far back as the year 1794, and that before his death, he accounted the testator in his debt. As to the note, he "answers, “ that he has no recollection of ever owing the testator. any such sum, or of ever giving him a writing to secure such a. sum; he believes that such a fact never existed,, and therefore requires proof; but if in that he should be mistaken, he denies that he owed the testator one cent, at the time of his deathand if such a writing Was given, it must have been for the rent of a tavern in Danville, which was long since paid. He admits the suii^at law, but alleges the declaration is blank. He alleges that the testator owed him an operi account of greater amount, and also a note of one hunted dollars, which he claims to be discounted, if the court should decree against him. • -
The'court decreed the amount with interest from the date of the probat of the testator’s will, and from that .decree this appeal is prosecuted.
1. The main question to be decided in this cause, is one of fact, and we concur with the court below, that the proof is sufficient to warrant the decree. One witness, who, as the lawyer, first brought the suit, proves the existence of such a paper, and that it was placed in his hands, and filed in the office. Pie did not then know the hand-writing of the appellant; but has seen his writing since, and that there was a striking resemblance. Another, employed as -a lawyer for the appel-lee, after the one first employed was promoted to the bench, also proves the existence of the paper, but says nothing of the hand-writing. This proof might be too weak, did not the arbitrators prove that the note was enquired for, before them, by the appellee, and that the appellant admitted thathe had it, or knew where it was, and did not produce it. Proof of the most conclusive character, in this case, is not necessary. The appellant does not give the existence of the note a positive denial. He denies a recollection of it, and believes it does not exist, and therefore requires proof. He says no more than what he might be expected to say in an *456 swer to facts hot coming within his own knowledge '¿P° §oes ^ar enough to require that kind of proof which ./satisfies the mind, that such a note existed, and no further. His own conscience shrunk from a positive denial, or one that would be equivalent to a plea of non factum a*- common law, and he betrays, throughout the answer, some degree of consciousness that the note may exist, when it can hardly be presumed that -he would be forgetful of a debt of such ^magnitude, or that he would be unable to meet it with the positive conviction on his mind, that he had not given it, if it were not so. It has been contended in argument, that as the note was so far denied, and the consideration contested, Hie chancellor ought to go into the original transaction, and see that it was fair, and that a consideration existed, even though he should be satisfied of the existence of the note. It is true, the chancellor will not decree a voluntary note, or one given not on a valuable consideration; buj-we are unwilling to admit, that the loss of a note drives the party seeking redress, in every case, back to* prove up and substantiate the original transaction, or fail of recovery; or that it casts the onus probandi on the opposite side, and relieves the defendant from impeaching the consideration. If so, the relief of the chancellor against the accident of loss, would be of little value, frequently, and not worth retaining. If the fact is once ascertained, that a note was given, it necessarily results, that the party, by.his own act, and as his own judge, has admitted a debt; and the presumption is violent, that he did not acknowledge it, in so •solemn a manner, for no consideration at all. It is true, the consideration may be impeached and enquired into, which could not be done at common law, before our statutes, which have authorised it in many cases. The language of the books, then, which speak of the, chancellor’s enquiring into the merits of the original transaction, may thus be understood, that the chancellor will probe those merits, when required to do so, and not exclude them as a court of law would do. Bui: surely it cannot be intended that the chancellor will barely, from the fact of a bond or note being given, presume nothing, until the consideration is made out by express proof, and that this presumption is not sufficient to require the defendant to show something *457 ■S.gainst the consideration, before he can avoid a de-t ree. ' '
Where.the • existence of noTin issue witnesses ’. may speak of bein?produce eel, and refer to it for the tors which are in issue,
2. On the trial of the cause, the parts of the depositions of the witnesses who spoke of, the record of the Suit at law, were objected to, because the record was not produced, and the objection was overruled. This assignment of error admits of two answers, which are to avoid its effect. First, ’ the bill and an-both admit the fact of such record;'and the answer argues, from the blanks in the declaration, that no such note existed, and from the long pendency of the suit, that the demand was not just. The fact of its ex-istencc not being in issue,- the record itself was not necessary to prove there was such,record; and none of the witnesses prove facts in the record to operate against the appellant; but only refer to, it for the purpose of aiding, and in* giving reasons for, their recollection. For these purposes, they might with propriety speak of the record, and such reference on their part was admissible. But, secondly, if all that part of their testi-' mony should be excluded, there would still be enough to satisfy the mind that such a note existed,' a gainst the feeble answer of the appellant, and he .could derive no aid from their rejection, nor be prejudiced by their admission. ■
Upon the whole case, therefore, we are of opinion there is no error in the decree of the court below, and ■ft must be affirmed with damages and costs.